Filed 9/15/22  In re Johnson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| In re KEANDRE MARKIE JOHNSON,<br><br>on Habeas Corpus. | E078008<br><br>(Super. Ct. No. RIF1310563)<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.  Samuel Diaz, Jr., Judge.  Petition denied with directions.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Petitioner.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

Pursuant to a negotiated disposition, petitioner Keandre Johnson pleaded no contest to first degree murder (Pen. Code, § 187, subd. (a)[1]; count 1) and attempted murder (§§ 664/187; count 2). Johnson also admitted enhancement allegations attached to counts 1 and 2, and admitted two prior serious or violent felony strike convictions (§§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)). In return, the remaining counts and enhancement allegations were dismissed. Johnson was sentenced to an aggregate stipulated term of life without the possibility of parole.

Johnson contends in his petition for writ of habeas corpus (Petition) that he should be permitted to withdraw his guilty plea on counts 1 and 2 because the trial court imposed concurrent prison terms on count 2, which significantly increased his punishment above the maximum term Johnson agreed to in his guilty plea. Johnson argues that, as a consequence, the sentence on count 2 is an unauthorized sentence. Johnson also asserts that his attorney's failure to object constituted ineffective assistance of counsel (IAC). In addition, Johnson asserts that the amended abstract of judgment contains several clerical errors which must be corrected.

In Johnson's traverse to the return on the Petition, Johnson withdraws his objection to his sentence, but requests remand to allow the trial court to correct the errors in the amended abstract of judgment. Because Johnson has withdrawn his objections to

_____

[1] Unless otherwise noted, all statutory references are to the Penal Code.

his sentence, we need only address Johnson's request that this court order the trial court to correct the amended abstract of judgment. In doing so, this matter is therefore remanded to the trial court with directions to correct the clerical errors in the August 10, 2018, amended abstract of judgment. In all other respects, the Petition is denied.

## II.

## BACKGROUND[2]

In an information filed in December 2013, Johnson was charged with first degree murder (§ 187, subd. (a); count 1), attempted murder (§§ 664/187; count 2), active participation in a criminal street gang (§ 186.22, subd. (a); count 3), and unlawful possession of a firearm (§ 29800, subd. (a); count 4). The information alleged as to the murder charge that Johnson intentionally killed the victim, Jane Doe, while an active gang member, with intent to benefit the gang (§ 190.2, subd. (a)(22)).

Both counts 1 and 2 alleged Johnson committed the crimes "willfully, unlawfully, and with deliberation, premeditation, and malice aforethought." As to both counts, the People alleged in the information that a principal in the crime discharged a firearm causing great bodily injury and/or death (§ 12022.53, subds. (d), (e)) and that the crime was committed at the direction, in association, or for the benefit of a criminal street gang (§ 186.22, subd. (b)(5)). As to count 2, attempted murder, the information alleged

---

[2] Johnson's request for judicial notice, filed on November 4, 2022, is granted pursuant Evidence Code sections 452, subdivision (d) and 459. Judicial notice is thus granted as to the following documents: (1) the reporter's transcripts for hearings on July 6, 2018, and for August 3 and 6, 2018, in case no. E077423, and (2) the clerk's transcript in case no. E077423.

3

Johnson personally inflicted great bodily injury (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)). The People further alleged Johnson had two prior convictions (§§ 196.22, subd. (a), 459, 186.22, subd. (a)), which qualified as serious felonies and strike priors (§§ 667, subds. (a), (c), (e)(2)(A), 1170.12, subd. (b)(1)). One of the prior convictions also was alleged as a prison prior (§ 667.5, subd. (b)).

On July 6, 2018, the parties signed and filed a plea agreement. Johnson agreed to "waive any right to appeal" that he might have. He further pled guilty as to counts 1 and 2 charges and enhancements, and admitted the two alleged special priors. In return, the prosecutor dismissed all remaining charges and enhancements. The written form plea agreement stated that Johnson's "maximum possible custody commitment for the admitted charges and enhancements" was "Life without Parole." The plea agreement further stated that the "custody term will be Life Without Parole."

During the plea hearing on July 6, 2012, the People announced they were withdrawing their previously announced intent to pursue the death penalty. Johnson's attorney stated that Johnson understood that "ineffective assistance of counsel is never waived. And he does waive all rights to direct appeal from the plea." The People agreed to dismiss counts 3 and 4 in exchange for Johnson (1) pleading guilty to counts 1 and 2; (2) admitting all allegations related to counts 1 and 2 and his two prior convictions; and (3) agreeing to a maximum sentence of life without the possibility of parole.

On August 3, 2018, the trial court sentenced Johnson on count 1, to life in prison without the possibility of parole (LWOP), and 15 years-to-life and 25 years-to-life on the

4

gang and firearm allegations, respectively. The court ordered the enhancement terms to run consecutive to each other but concurrent with the LWOP term.

As to count 2, the court sentenced Johnson to seven years to life in prison, and 15 years-to-life and 25 years-to-life on the gang and firearm allegations, respectively. The court ordered the enhancement terms to run consecutive to each other but concurrent with the count 1, LWOP term. The court also imposed various fines and fees.

On August 6, 2018, the trial court held a second sentencing hearing to address overlooked sentencing matters regarding the concurrent sentence on count 2. The court clarified that the section 12022.7, subdivision (a) allegation was stayed under section 654 because of the court imposing sentencing on the section 12022.53 allegation. The court also stayed the section 12022.53, subdivision (e) allegation under section 654 because of the court imposing sentencing on the section 12022.53, subdivision (d) allegation. Johnson did not appeal the judgment within 60 days, resulting in the judgment becoming final.

In June 2020, Johnson sent the trial court a letter stating that the victim of the count 2, attempted murder offense did not die and the charge was "trumped up." Johnson also asserted he received ineffective assistance of counsel and felt pressured to sign the plea agreement. The trial court reviewed the letter and took no action on it.

A year later, on July 15, 2021, Johnson filed a notice of appeal (case no. E077423). The notice of appeal states Johnson was appealing a July 2, 2021 order, although there does not appear to be any such order. The notice of appeal further states

5

the appeal is based on the denial of a motion to suppress evidence but there does not appear to have been any such motion.

A few months later, on November 4, 2021, Johnson filed his Petition. This court ordered the appeal and Petition considered at the same time for the sole purpose of determining whether an order to show cause should issue. His attorney also filed an opening appellate brief under *People v. Wende* (1979) 25 Cal.3d 436, stating no arguable issues could be found. Johnson did not file a supplemental brief. On February 1, 2022, this court dismissed the appeal as untimely, noting Johnson had filed a related habeas petition, which the court said was a more appropriate means of seeking relief.

On February 2, 2022, this court issued an order to show cause on the Petition. Respondent Patrick Covello, Warden of Mule Creek California State Prison, filed a return to the Petition, and Johnson filed a traverse to the return.

III.

HABEAS CORPUS PROCEDURE

"Because a petition for a writ of habeas corpus seeks to collaterally attack a presumptively final criminal judgment, the petitioner bears a heavy burden initially to *plead* sufficient grounds for relief, and then later to *prove* them. 'For purposes of collateral attack, all presumptions favor the truth, accuracy, and fairness of the conviction and sentence; *defendant* thus must undertake the burden of overturning them. Society's interest in the finality of criminal proceedings so demands, and dues process is not thereby offended.' [Citation.]" (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)

6

Where, as here, "'there are no disputed factual questions as to matters outside the trial record, the merits of a habeas corpus petition can be decided without an evidentiary hearing.' [Citations.]" (*People v. Duvall, supra,* 9 Cal.4th at pp. 478-479.)

IV.

SENTENCING CHALLENGE

Johnson contends in his Petition that his sentence on count 2 is an unlawful, unauthorized sentence because it violates his plea agreement, in which Johnson agreed to a maximum sentence of life without the possibility of parole.

Johnson attached to his traverse his own declaration stating the following facts: He understood that under the plea agreement, he pled guilty in count 2 to attempted murder with deliberation and premeditation; he understood that under the plea agreement, he would be sentenced to a maximum prison term of life without the possibility of parole, with the additional prison terms running concurrent to his LWOP sentence; and he was unaware until June 2020, that his sentence violated the plea agreement. Respondent argues Johnson's Petition is barred as untimely. Johnson disagrees in his traverse but, nevertheless, withdraws his Petition contentions, other than as to the clerical errors in the amended abstract of judgment.

Respondent states in his traverse that "Petitioner does not dispute that the punishment for enhancements may run consecutively to the punishment for the count to which it relates or that the goal of concurrent sentencing was achieved in this case by running the punishment for the substantive offense in count 2 plus its enhancements

7

concurrently with the punishment in count 1. In consideration of these acknowledgments, Respondent's waiver argument has become moot."

We agree that respondent's waiver argument is moot because Johnson has conceded that his Petition challenges to the sentence on count 2 are meritless, as is the related IAC contention. Therefore, we need only address the sole remaining matter of several abstract of judgment errors, which require correction upon remand.

V.

ABSTRACT OF JUDGMENT

The parties agree, as do we, that the amended abstract of judgment contains the following errors, which should be corrected:

1. Line 5 of the amended abstract states that Johnson's sentence on count 1 is life *with* the possibility of parole. This is incorrect. Instead of checking the line 5 box, the line 4 box should be checked for count 1, which imposes the term of life *without* the possibility of parole (line 4), as was imposed during the sentencing hearing. As respondent notes, line 5 should refer to count 2, not count 1.

2. Line 6b of the amended abstract states that Johnson was sentenced to 25 years-to-life on an unspecified count. The sentence on Line 6b should be vacated because during sentencing, the trial court did not impose a 25 years-to-life sentence on either count 1 or count 2.

3. The box adjacent to line 2 states that the court imposed separate *consecutive* terms on both counts 1 and 2, totaling 40 years-to-life as to each count for the

8

enhancements under sections 186.22, subdivision (b)(5) and 12022.53, subdivision (d). During the sentencing hearing, the court ordered aggregate enhancement sentences to run consecutive to each other on each count, but concurrent, not consecutive, to the sentences on count 1 and 2. The amended abstract erroneously states that the entirety of the sentence on count 2 was ordered to run consecutive to the count 1, LWOP term. The amended abstract should be changed to reflect that the sentence on the count 2, including enhancements and priors, is imposed concurrent to the sentence on count 1.

4. Line 8 of the amended abstract states that Johnson was sentenced for his two priors under sections 667 and 1170.12 Although the plea agreement states Johnson admitted the priors, the plea agreement does not specify a sentence for them and the trial court did not order any sentence for the two priors under sections 667 and 1170.12. The line 8 allegation of the amended abstract, stating that Johnson was sentenced under sections 667 and 1170.12, should be vacated unless the trial court on remand imposes a sentence for the priors.

Respondent agrees, as does this court, that these clerical errors in the amended abstract should be corrected. The court may correct clerical errors any time, and the appellate court should order the trial court to correct an abstract of judgment that does not accurately reflect the oral judgment of the sentencing court. (*People v. Mitchell* (2001) 26 Cal.4th 181, 183, 185, 188.) This court accordingly orders the trial court on remand to correct the amended abstract of judgment to accurately reflect the trial court's sentencing orders.

9

## VI.

## DISPOSITION

Because the amended abstract of judgment does not conform to the sentence the trial court pronounced during Johnson's sentencing hearing, this matter is remanded to the trial court with directions to correct the above-mentioned clerical errors in the August 10, 2018, amended abstract of judgment.  In all other respects, the Petition is denied.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.